

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 22-CR-117-RAW |
| CODY RAY MCFADDEN, | |
| Defendant. | |

# PLEA AGREEMENT

## PARTIES

This plea agreement is entered into by and between the United States, by and through the United States Attorney for the Eastern District of Oklahoma and the above-captioned defendant pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

## I. THE PLEA

### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|---|---|---|
| 2 | Maiming in Indian Country | 18 U.S.C. §§ 114, 1151, & 1153 |

as set forth in the Indictment. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in the Indictment or Information.

C.R.M.

MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for Maiming in Indian Country is imprisonment for a period of twenty years and/or a fine of $250,000.00, a term of supervised release of not more than three years, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

DISMISSAL

At the time of sentencing on the count(s) set forth above, the United States agrees to move for dismissal of any remaining counts pending against the defendant and to move for dismissal of the Indictment if the defendant is entering a plea to an Information herein.

FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

On or about July 17, 2022, I, Cody Ray McFadden, an Indian and an enrolled member by blood of the Sisseton-Wahpeton band of the Sioux Tribe of South Dakota, did, with the intent to torture A.T., maim, disfigure, and disable a limb of A.T. This took place within the Eastern District of Oklahoma, in Indian Country, and within the geographic boundaries of the Choctaw Nation.

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any

*CRM*

inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

The United States Attorney's Office for the Eastern District of Oklahoma agrees that it will not bring any other criminal charges against the defendant which are known to the United States Attorney=s Office for the Eastern District of Oklahoma as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense(s).

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

*CRM*

## FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

    a.    the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

    b.    the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

    c.    the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant=s sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

    d.    the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

    e.    the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant;

    f.    the defendant waives the right to appeal the District Court=s determination of the amount of restitution and the Court=s subsequent restitution order, if any; and

    g.    the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.



<u>WAIVER OF ADEPARTURE@ AND AVARIANCE@ RIGHTS</u>

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

      a.    the defendant waives the right to request, recommend, or file a Adeparture@ motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

      b.    the defendant waives the right to request, recommend, or file a Avariance@ motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel and is fully satisfied with the services rendered by the defense attorney(s) and believes this plea agreement is the best decision under the circumstances. The defendant expressly acknowledges that counsel has explained defendant=s trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

_____
Cody Ray McFadden

12-16-24
_____
Date Signed

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

<u>WITHDRAWAL OF PLEA</u>

The United States and the defendant acknowledge and understand, if the Court does not accept this plea agreement, the Court, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, will give the defendant an opportunity to withdraw the guilty plea and restore the defendant's trial rights. The defendant further understands, if the defendant's trial rights are



restored and the defendant is subsequently convicted, the defendant may receive a higher sentence than previously contemplated by this plea agreement.

## BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

a. the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);
b. the United States will be free to make any recommendations to the Court regarding sentencing in this case;
c. any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and
d. the United States will be free to bring any other charges it has against the defendant.

## RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.



## V. CRIME VICTIMS= RIGHTS ACT PROVISIONS

### CRIME VICTIMS= RIGHTS ACT (18 U.S.C. § 3771)

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations promulgated under the Act by the Attorney General of the United States, the defendant understands that a crime victim has the following rights:

a. The right to be reasonably protected from the accused.
b. The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.
c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.
d. The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that the victim=s comments and recommendations may be different from those of the parties to this agreement.
e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim=s opinions and recommendations may be different from those presented by the United States.
f. The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury or death.
g. The right to proceedings free from unreasonable delay.
h. The right to be treated with fairness and with respect for the victim=s dignity and privacy.

The definition of Acrime victim@ under the Crime Victims' Rights is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim=s estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim=s rights. In no event, shall the defendant be named as such guardian or representative.



## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

### SENTENCING RECOMMENDATION(S)

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but also clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States Attorney's Office will move that the defendant receive a third-point reduction in the defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

*Stipulations*

The defendant and the United States agree and stipulate to the following fact(s) related to sentencing:

*CR₁*

a. GUIDELINES & APPLICABLE ENHANCEMENTS – The parties agree that the defendant's advisory United States Sentencing Guideline calculation is as follows:

Count 2: Maiming in Indian Country (18 U.S.C. §§ 114, 1151, & 1153)

1. Base Offense Level: 14 (U.S.S.G. § 2A2.2)
2. Offense Characteristics: +2 (minimal planning) (§ 2A2.2(b)(1))
   +4 (dangerous weapon) (§ 2A2.2(b)(2)(B))
   +5 (serious bodily injury) (§ 2A2.2(b)(3)(B))
   +2 (restraint of victim) (§3A1.3)
3. Acceptance of Responsibility -3
4. Total Offense Level: 24
5. Criminal History Category: V
6. Advisory Guideline Range: 92-115 months imprisonment

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulation(s), whether such stipulations relate to questions of fact or law or to the determination of the correct advisory sentencing guideline calculation.

## VII. FINANCIAL OBLIGATIONS

### FINANCIAL DISCLOSURES

The defendant agrees to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete a Financial Disclosure Statement no later than the date of the change of plea hearing, signed under penalty of perjury and provide the same to the United States Attorney's Office and the United States Probation Office. The defendant further agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the change of circumstances. The parties agree that the defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute a failure of the defendant to accept responsibility pursuant to U.S.S.G. § 3E1.1.



The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant. The defendant further agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and financial information held by the United State Probation Office.

The defendant agrees to submit to an examination under oath and/or a polygraph examination by an examiner selected by the United States Attorney's Office, on the issue of the defendant's assets and financial disclosures.

The defendant agrees to notify the Asset Recovery Unit (ARU) of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1000.00 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships or corporations.

The defendant understands and agrees that the total amount of any monetary judgment the Court orders the defendant to pay will be due and payable immediately. The defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, the defendant may be resentenced to any sentence which might have originally been imposed if the Court determines the defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, the defendant acknowledges and agrees the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. § 3572, 3613 and 3664(m), notwithstanding any initial or subsequent modified payment schedule set by the Court. The defendant further understands any monetary debt the defendant owes related to this matter may be included in the Treasury Offset Program



(TOP) to potentially offset the defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(F), the defendant agrees that until a fine or restitution order is paid in full, the defendant must notify the United States Attorney's Office (ARU) of any changes in the mailing address or residence address within 30 days of such change. Further, pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the court and the United States Attorney's Office (ARU) immediately any change in economic circumstances that might affect the defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

## VIII. OTHER TERMS

### PLACE OF CONFINEMENT

At the time of sentencing, the United States will not object to a request by the defendant that the Court recommend that the Bureau of Prisons consider the following in determining the defendant=s place of confinement: . The defendant understands that the Bureau of Prisons is not bound by recommendations from the Court.

## IX. CONTRACTUAL SPECIFICATIONS

### REASONS FOR AGREEMENT

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

## COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District of Oklahoma and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma and the defendant. This written agreements supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma until this agreement is signed by the defendant, defense counsel and the United States Attorney, or his authorized representative.

*CRM*

## ACKNOWLEDGMENTS

    I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

12-16-24
Date

Cody Ray McFadden
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

12/16/24
Date

Randy Lynn, OBA # 15296
Assistant Federal Public Defender
112 North 7th Street
Muskogee, Oklahoma 74401
(918) 687-2430

    On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

CHRISTOPHER J. WILSON
United States Attorney

12/16/24
Date

Joshua Satter, NYBA # 5477112
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
(918) 684-5101 (fax)
Josh.Satter@usdoj.gov

CRM